UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| John M. Hanling | ) | Case No. 19-11323 BLS |
| Debtor(s) | ) | |

### 1st AMENDED    CHAPTER 13 PLAN 2/20/2020

## I. Notice

NOTICE TO ALL CREDITORS THAT THIS PLAN AND ALL OF ITS PROVISIONS ARE SUBJECT TO DEL.BANKR.L.R. 3023-1 AND YOUR RIGHTS MAY BE AFFECTED BY THIS PLAN. IF YOU OPPOSE THE PLAN'S TREATMENT OF YOUR CLAIM OR ANY PLAN PROVISION YOU OR YOUR ATTORNEY MUST FILE AN OBJECTION TO CONFIRMATION AT LEAST 7 DAYS BEFORE THE DATE SET FOR THE CONFIRMATION HEARING. THE BANKRUPTCY COURT MAY CONFIRM THIS PLAN WITHOUT FURTHER NOTICE IF NO OBJECTION IS FILED. SEE BANKRUPTCY RULE 3015. YOU SHOULD NOTE THE FOLLOWING (Boxes must be checked by Debtor(s) if applicable):

[X ] The plan seeks to limit the amount of a secured claim, as set out in III.2, which may result in partial payment or no payment at all to the secured creditor
[ ] The plan will seek avoidance of a lien or security interest
[X ] The plan contains a NOTICE nonstandard provision in paragraph VI

**II. Plan payments and Length of Plan**: The future earnings of the debtor are submitted to the supervision and control of the Court and the Debtor'(s) employer or Debtor shall pay to the trustee the sum of $1200 (accumulated pre-confirmation payments) for month 1, $361 for months 2-60.

**III. Plan Distributions**: From the payment so received, after deduction of allowed Trustee's commission, the Trustee shall make disbursements as follows:

**1. Priority Claims:**
Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. Section 507.

[X ] (A) Debtor(s) Counsel Fees: $10000.00 paid first and then distributions shall subsequently be made under the plan as follows:
[X ] (B) Priority Taxes:
State of DE (POC #11-2) shall be paid for the priority years 2016-2018 a total of $11019.54 with the general unsecured portion of the claim paid pro rata with the other general unsecured creditors and discharged upon completion of the plan if this portion of the claim remains unpaid. Upon Confirmation, once the proof of claim as filed and bifurcated as stated herein has been paid pursuant to such Confirmation Order, the tax debt is deemed satisfied and all interest and penalties are discharged, to the extent not inconsistent with 11 USC 1328(a)(2) and 523(a).
IRS (POC #7) is comprised of a secured claim, a priority claim and an unsecured general claim. Debtor proposes to grant relief to the IRS to continue collection under non-bankruptcy law, and to stop the tolling for collection as well as to leave the Tax liens as filed to survive under non-bankruptcy law after relief is granted.

[X ] (C) Domestic Support Obligations: DSO claims are paid directly and include an amount to stay current and cure arrrears by Order. (Claim #9)
[X ] (D) Other Priority or Administrative Expense: PLUS loans shall be paid directly (Claim #12).

**2. Secured Claims:**
[ ]   Pro Rata with or
[X]   subsequent to dividends to priority creditors, holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

[ ] (A) Long term or mortgage debt - PRE-PETITION ARREARAGE ONLY, to be paid to CREDITOR $ 000.00 (total amount of pre-petition arrears) for the real property 1st Mtg. _____.
[ ] Debtor shall continue to pay Regular POST-PETITION payment to this mortgage co. directly beginning _____ 2018. **

**\*\* This section of the plan specifically incorporates all of the provisions affecting mortgage claims as set forth in Del. Bankr.L.R. 3023-1(b) and the parties shall be so governed.**

[ ] (B) Secured Vehicle debt (cramdown)- Pro-Rata Payments to:

[ ] (C) Secured Vehicle Debt (910)-Pro-Rata Payments to:

[ ] (D) Other secured debt(s):

**3. Surrender of Collateral and Co-Debtor Relief:**
[ ] (A) Debtor surrenders secured collateral to: CREDITOR & Collateral
Debtor abandons such property and agree that the Automatic Stay under 11 U.S.C. Section 362 is terminated as to the property and any interest in the property effective immediately or on confirmation of this Plan. Claims, if any submitted by such creditor may receive a distribution under the plan if such claim reflects an applicable deficiency balance remaining following surrender.
[ ] (B) Co-Debtor relief under 11 USC Section 1301 is granted effective immediately upon confirmation of the Plan as to surrendered property.

**4. Unsecured Claims:**
Subsequent to dividends to Priority and Secured creditors, dividends to allowed non-priority general unsecured creditors shall be distributed as follows:

   General unsecured creditors will be paid [ ] a dividend of 100% of their allowed claim or [ ] a pro rata dividend of
[ ] 1. _____ BIOC or
[ ] 2. _____ Disp. Income x 60 months as calculated under Section 1325(b), or
[X] 3. a pro rata dividend from the base plan, if any. Est 0%

**IV. Leases or Executory Contracts:** (If applicable) The following leases or executory contracts of the debtor will be treated as follows:N/A.

**V. Vesting of Property:** Title to the Debtor's property shall revest in the Debtor on confirmation of the plan, except for undistributed plan payments held by the Trustee. Unless otherwise ordered, upon conversion of this case to Chapter 7 all undistributed plan payments received from a Debtor's post-petition wages shall be refunded to the Debtor. Upon dismissal, unless otherwise ordered, the Trustee is authorized to disburse undistributed plan payments to allowed claimants in accordance with this Plan.

**VI. Nonstandard Provisions:** Any nonstandard provision placed elsewhere in this plan is void. Other special provisions of this Plan:

Debtor has provisions in this plan which are non-standard:

III.1.(A) & (B)--Debtor has agreed to an increased attorney fee of $10,000 from $9000 as Debtor must work with the IRS to stipulate to survival of the full IRS claim (POC #7), as filed and to relief from automatic stay to allow Debtor to pursue his non-bankruptcy payment remedies; relief from stay would include relief from all tolling periods, and collection shall proceed directly, with the survival of all liens, as applicable under non-bankruptcy law.

    (C) DSO claims are paid by Court order and include both a current support component and an arrears component which will continue to be paid directly. (POC#9)

**VII. Filing Proof of Claim Required:** A proof of claim must be filed in order to share in distributions under the plan. A proof of claim may be filed electronically or as paper. To file an electronic claim, go to the www.deb.uscourts.gov and click on "file a Claim" and follow instructions. Once the necessary information is entered the form will be automatically generated. To obtain a paper claim form, go to the website www.uscourts.gov and click on "Services and Forms", then click on Bankruptcy Forms, select B410-Proof of Claim. Completed paper claims should be delivered or mailed to United States Bankruptcy Court, Attn: Claims, 824 Market St., 3rd floor, Wilmington, DE 19801. (Copies should be mailed to Erin K. Brignola, Esq., 30 Fox Hunt Drive, Fox Run Shopping Center, Bear, DE 19701).

/s/ John Matthew Hanling

Date: 2/19/2020

Debtor's signature

The undersigned certifies that this plan contains no nonstandard provision other than as set forth in paragraph VI. above.

Attorney for Debtor(s)

<u>AMENDED</u>       **PLAN ANALYSIS**

Debtor: J. Matt Hanling                    Case #: 19-11323 BLS

Prior: Bankruptcy ( )  Chapter 13 ( )    Date:

Estimated length of plan 60    months.         Trustee Use

                          341 Meeting Date: _____

                              Continued: _____

                          Confirmed Date: _____

**TOTAL DEBT PROVIDED FOR UNDER THE PLAN AND ADMINISTRATIVE EXPENSES**

A. TOTAL PRIORITY CLAIMS (Class One)
   1. Unpaid attorney's fees ............................<u>$10000.00</u>
   2. Taxes .............................................<u>$11019.54</u>
   3. Other .............................................$
B. TOTAL OF PAYMENTS TO CURE DEFAULTS (Class Two) .........$
C. TOTAL OF PAYMENTS ON SECURED CLAIMS (Class Three).......$
D. TOTAL OF PAYMENTS ON UNSECURED CLAIMS (Class Four) .....$
E. SUBTOTAL ..............................................<u>$21019.54</u>
F. TOTAL TRUSTEE'S COMPENSATION ( <u>7% of debtor's payments</u>) $1472.00
G. TOTAL DEBT AND ADMINISTRATIVE EXPENSES .................<u>$22492.00</u>

---

**RECONCILIATION WITH CHAPTER 7**

H. INTEREST OF CLASS FOUR CREDITORS IF CHAPTER 7 FILED
   1. Value of debtor's interest in non-exempt property ........$
   2. Plus: value of property recoverable under avoiding powers $
   3. Less: estimated chapter 7 administrative expense .........$
   4. Less: amounts payable to priority creditors other than
           costs of administration ............................$
   5. Equals: estimated amount payable to Class 4 creditors
           if Chapter 7 filed (if negative, enter zero) .....$
I. ESTIMATED DIVIDEND FOR CLASS FOUR UNDER CHAPTER 7 ............$
J. ESTIMATED DIVIDEND UNDER PLAN.................................$

_____      /s/ J. Matthew Hanling
Erin K. Brignola                     _____
Attorney for Debtor                                          Debtor